UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

KIERAN T. QUINN,

                          Plaintiff

   - against -

SUFFOLK COUNTY,
SUFFOLK COUNTY POLICE DEPARTMENT
& POLICE OFFICER CHRISTOPHER G. VERWYS,

                          Defendant.
----------------------------------------------------------X

Docket#

**VERIFIED COMPLAINT**
Trial by Jury Demanded

CV-08 5121

WEXLER, J.
BOYLE, M.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 19 2008

    Plaintiff, Kieran T. Quinn, by his attorney, William J. Eppig, Esq. for his complaint against the defendant, alleges as follows:

### INTRODUCTORY STATEMENT

    1.    This is an action on behalf of plaintiff, Kieran T. Quinn ("plaintiff") a citizen of the United States who sustained damages due to assault, false arrest, illegal search, unlawful imprisonment, malicious prosecution and violation of his rights under the Constitution of the United States pursuant to 42 U.S.C. Section 1983 arising from conduct of the defendants, specifically Officer Christopher G. Verwys ("VERWYS") and his employer, defendants County of Suffolk ("COUNTY") and Suffolk County Police Department ("SCPD").

### JURISDICTION AND VENUE

    2.    The subject matter jurisdiction of this court is founded on 28 U.S.C. Sections 1331 and 1343, 42 U.S.C. Section 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. In addition, plaintiff invokes the supplemental jurisdiction of this Court with respect to claims asserted under state law pursuant to 28 U.S.C. Section 1367. Venue exists in the

district where the plaintiff resides by virtue of 28 U.S.C. Section 1391 (b).

## PARTIES

3.  Plaintiff was, at all times relevant to the allegations of this complaint, and still is a citizen of the United States and a resident of the County of Suffolk, State of New York.

4.  At all times hereto, defendant VERWYS, shield No. 5459 was employed by defendants, COUNTY and/or SCPD as a police officer. He is sued individually and in his official capacity.

5.  At all times relevant hereto and in their actions described herein, defendant SCPD was a municipal entity of the State of New York and/or a department of the defendant COUNTY.

6.  Defendant, COUNTY is a municipal entity within the State of New York.

## FACTUAL ALLEGATIONS

7.  That on or about December 24, 2005 at approximately 11:00 p.m. the plaintiff was lawfully at 908 Hampshire Road, Bay Shore, Suffolk County, New York.

8.  At the aforementioned time and place plaintiff was caused to be assaulted, unlawfully detained and restrained by the defendant, VERWYS pursuant to policies and a pattern of conduct created and/or condoned by defendants COUNTY and SCPD.

9.  At the aforementioned time and place, plaintiff was assaulted; unlawfully arrested without probable cause defendant by VERWYS, pursuant to policies and a pattern of conduct created and/or condoned by defendants COUNTY and SCPD.

10. At the aforementioned time and place, plaintiff was arrested with the use of excessive force by VERWYS by punching and kicking him repeatedly causing injury pursuant to policies and a pattern of conduct created and/or condoned by defendants, COUNTY and SCPD.

11. At the aforementioned time and place, plaintiff was detained against his will by defendant VERWYS, pursuant to policies and a pattern of conduct created and/or condoned by defendant

12. At the aforementioned time and place, plaintiff taken to the Third Precinct in Brentwood, Suffolk County, New York by defendant VERWYS pursuant to policies and a pattern of conduct created and/or condoned by defendants, COUNTY and SCPD.

13. At the aforementioned time and place, plaintiff was falsely charged with the crimes of Obstruction of Government administration 2nd Degree a violation of Penal Claw Section 195.05 and Resisting Arrest a violation of Penal Law Section 205.30 by the defendant VERWYS, COUNTY and SCPD pursuant to policies of conduct created and/or condoned by defendant, COUNTY and SCPD.

14. The criminal charges brought by the defendant against plaintiff were and continued to be without a legal basis in law.

15. While plaintiff was confined at the First Precinct he was unlawfully searched based upon the allegation of the defendant Verwys.

16. That on or about May 23, 2006, a Court of competent jurisdiction dismissed all charges against the plaintiff.

17. As a result of the unlawful arrest, search, prosecution and official misconduct hereinbefore described, plaintiff sustained damages, including physical injuries, mental anguish, shame and humiliation; was deprived of his liberty, suffered harm to his reputation in the community, incurred legal expenses, loss of earnings and employment; in addition, he was otherwise damaged because of the above-detailed violations of his constitutional and common law rights.

18. The violations to which plaintiff was subjected was consistent with an institutionalized practice of the COUNTY and SCPD known and approved by said defendants as evidenced by their failure to take any effective action to prevent VERWYS from continuing to

engage in such misconduct as that complained of herein.

19. Defendants COUNTY and SCPD authorized, tolerated as institutionalized practices and approved of the misconduct hereinbefore detailed by :

    a. Failing to take adequate precautions in the hiring, supervision, assignment and retention of police personnel, including specifically defendant VERWYS.

    b. Failing to properly disciple, restrict and control employees, including defendant VERWYS, in their training in determining probably cause.

    c. Failing to properly train, discipline and reinforce procedures in dealing with the necessity of securing proper information from witnesses before causing an arrest to be made under violations previously cited herein.

    d. Failing to establish and/or assume the functioning of a bona fide and meaningful departmental system of dealing with complaints of police misconduct, but instead responding to such complaints by confronting citizens with bureaucratic gross negligence under state law;

    e. Failing to promptly dismiss all charges against the plaintiff knowing the absence of any factual and/or legal basis for the aforementioned criminal charges;

    f. In ratifying the continued conduct of the arresting officer well after it was known that the continued prosecution was without factual and legal basis.

20. As a consequence of the abuse of authority detailed above, including COUNTY's and

SCPD's condoning of such abuse, plaintiff sustained the damages hereinbefore alleged.

## COUNT 1
### Federal Claim

21. The allegations set forth in Paragraphs 1 through 10 are incorporated herein by reference.

22. The hereinbefore described actions and omissions, engaged in under color of law and state authority by the defendants, including defendants COUNTY and SCPD, sued as persons, responsible, because of their authorization, condoning and/or approval of the acts of its agents, deprived plaintiff of rights and immunities secured to him by the Constitution of the United States, including, but not limited to his Fourth Amendment right to be free from unlawful searches, and his right to due process and equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States.

## COUNT II
### Supplemental Claims

23. The allegations set forth in paragraphs 1 through 22 are incorporated herein by reference.

24. Heretofore plaintiff timely caused a written Notice of Claim to be filed with and served upon the proper officers, agents and employees of the defendants, COUNTY, SCPD and VERWYS, pursuant to the statutes in such cases made and provided.

25. That more than thirty (30) days have elapsed since the service of such Notice of Claim and adjustment or payment has been neglected or refused.

26. The acts and conduct hereinbefore alleged constitute negligence, gross negligence, false arrest, false imprisonment, assault, battery and malicious prosecution; this court has

supplemental jurisdiction to hear and adjudicate these claims; further, the wrongful acts of the individual complained of herein are attributable to the COUNTY and/or SCPD under the doctrine of respondent superior, as are the consequences thereof.

WHEREFORE, plaintiff demands the following relief:

a. Compensatory damages, jointly and severally against all of the defendants, in the amount of $2,000,000.00;

b. Exemplary damages against the individual defendant in the amount of $1,000,000.00;

c. Such other and further relief, including costs and reasonable attorney's fees, as this court may deem appropriate.

Dated: West Islip, New York
December 19, 2008

WILLIAM J. EPPIG, ESQ.
Attorney for the Defendant
1175 Montauk Highway, Suite 5
West Islip, New York 11795
(631) 587-8778

# VERIFICATION

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF SUFFOLK )

I, KIERAN T. QUINN, being duly sworn, says: I am the petitioner of the within action; I have read the foregoing Complaint and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true.

_____
KIERAN T. QUINN

Sworn to before me this 19th
day of December, 2008

_____
Notary

EILEEN G. DALL
Notary Public, State of New York
No. 01DA4752826
Qualified in Suffolk County
Commission Expires June 20, 2011